**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**JAMAAL ALI BILAL
 f/k/a/ John L. Burton,
          Petitioner,**

**vs.**                                                           **Case No. 3:07cv76/MCR/MD**

**ROBERT BUTTERWORTH, et al.,
          Respondents.**

_____

**REPORT AND RECOMMENDATION**

**Petitioner commenced this action by filing a "Petition for Writ of Error Coram Nobis or in the Alternative Petition for Writ of Audita Querela" pursuant to the All Writs Act, 28 U.S.C. § 1651(a).  (Doc. 1).  For the reasons that follow, the petition should be dismissed for lack of jurisdiction.**

**In this action, petitioner challenges his 2001 civil commitment under the Florida Sexually Violent Predator statute known as the Jimmy Ryce Act (the "Ryce Act"),[1] entered in the Circuit Court of Escambia County Florida, case number 99-1507.  He bases his challenge on various grounds, including: (1) that he is "factually innocent" of his civil commitment because his 1984 conviction for sexual battery entered in the Escambia County Circuit Court in case number 82-3171 was pursuant to an involuntary guilty plea induced by ineffective assistance of counsel, (doc. 1, pp. 1-12); (2) that he is "factually innocent" of his civil commitment because his 1995**

---

1The "Jimmy Ryce Act" was enacted in Florida "to create a civil commitment procedure for the long-term care and treatment of sexually violent predators."  Fla. Stat. § 394.910 (2001).  A person who is found, after a hearing, to be a "sexually violent predator" is "committed to the custody of the Department of Children and Family Services for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large."  *Id.*, § 394.917.

arrest for making a harassing telephone call and corresponding pre-trial bail was unconstitutional, and because DCF's pre-commitment evaluation of him was based on the agency misidentifying him as "Eddie Lee Banks," (*id.*, pp. 12-22); (3) that he is "factually innocent" of his civil commitment because the statute under which he was convicted of battery of a law enforcement officer is unconstitutional, (*id.*, pp. 23-25); (4) that his civil commitment was the by-product of vindictive and selective prosecution, (*id.*, pp. 25-28); (5) that there is now reasonable doubt whether or not "Juan Carlos Chevez" actually killed Jimmy Ryce, (*id.*, pp. 28-30); and (6) that DCF doctors are employing vindictive and selective racial practices to use petitioner's exhibition or "gunning" write-ups as grounds to retain him in civil custody, (*id.*, pp. 30-32). As relief, petitioner seeks "to enjoin state officials and DCF officials from civil [sic] committing the petitioner at this facility." (*Id.*, p. 35).

Even making the broad conceptual leap that Mr. Bilal's civil commitment is analogous to a criminal conviction, and assuming, without deciding, that writs of coram nobis and audita querela can still be pursued in the criminal context under very limited circumstances,[2] he cannot obtain the relief he desires through either type of writ. Persons who are still in custody and who seek to challenge a state

---

2 Writs of coram nobis and audita querela "are similar, but not identical." *United States v. Reyes*, 945 F.2d 862, 863 n. 1 (5th Cir. 1991). According to Black's Law Dictionary, Sixth Edition, a writ of coram nobis is a "procedural tool whose purpose is to correct errors of fact only, and its function is to bring before the court rendering the judgment matters of fact which, if known at time judgment was rendered, would have prevented its rendition . . . such as a valid defense existing in facts of case, but which, without negligence on defendant's part, was not made, either through duress or fraud or excusable mistake. . . ." Black's defines a writ of audita querela as "a common law writ constituting the initial process in an action brought by a judgment defendant to obtain relief against the consequences of the judgment on account of some matter of defense or discharge arising since its rendition and which could not be taken advantage of otherwise." Rule 60(b) of the Federal Rules of Civil Procedure formally abolished both writs with regard to civil judgments. *United States v. Beggerly*, 524 U.S. 38, 45, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998); Fed.R.Civ.P. 60(b) (both stating that writs of coram nobis and audita querela were abolished by Rule 60(b)). However, the Supreme Court held in *United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954), that the writ of coram nobis could still be pursued in the criminal context under the All Writs Act. At least five circuits have questioned whether audita querela may also be used "to vacate an otherwise final criminal conviction" under the All Writs Act, but have assumed, "without deciding, that in some set of circumstances audita querela might appropriately afford post-conviction relief to a criminal defendant." *Reyes*, 945 F.2d at 865; *United States v. Torres*, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002); *United States v. Holder*, 936 F.2d 1 (1st Cir. 1991); *United States v. Ayala*, 894 F.2d 425 (D.C. Cir. 1990); *United States v. Kimberlin*, 675 F.2d 866 (7th Cir.), *cert. denied*, 456 U.S. 964, 102 S.Ct. 2044, 72 L.Ed.2d 489 (1982).

**court's judgment on federal grounds must proceed under 28 U.S.C. § 2254, not by any other writ. *See, e.g., Felker v. Turpin*, 518 U.S. 651, 662 (1996) ("Our authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'"); *Carlisle v. United States*, 517 U.S. 416, 428-29, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996); *Pennsylvania Bureau of Correction v. United States Marshals Serv.*, 474 U.S. 34, 43, 106 S.Ct. 355, 361, 88 L.Ed.2d 189 (1985) ("The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.  Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling."); *see also Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000) ("Persons still in custody must look to § 2254 or § 2255 for relief; they cannot use [28 U.S.C.] § 1651(a) to escape statutory restrictions on those remedies.").  Because Mr. Bilal is in state custody, the only writ available to him is one of habeas corpus under 28 U.S.C. § 2254.[3]**

**The undersigned declines to construe the instant petition as one for habeas corpus relief under 28 U.S.C. § 2254 because such a petition would be a second or successive habeas corpus application requiring, prior to its filing, an order from the United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit")**

---

**3Of additional relevance is the fact that writs in the nature of coram nobis are limited to former prisoners who seek to escape the collateral civil consequences of wrongful conviction.  *United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954).  They are not available to those who are still in custody, as is the petitioner here.  Second, coram nobis has traditionally been a proceeding in a court to attack a judgment of that court for error of fact.  *United States v. Morgan, supra*.  Thus, a writ of coram nobis cannot be used to set aside the judgment of another court.  *See Wolfson v. Florida*, 184 Fed.Appx. 866 (11th Cir. June 14, 2006) ("A writ of error coram nobis is not available in federal court to directly attack a state criminal judgment.") (citing *Theriault v. State of Mississippi*, 390 F.2d 657 (5th Cir. 1968) (per curiam)); *Sinclair v. State of Louisiana*, 679 F.2d 513, 514-15 (5th Cir. 1982); *Thomas v. Cunningham*, 335 F.2d 67 (4th Cir. 1964); *Rivenburgh v. State of Utah*, 299 F.2d 842 (10th Cir. 1962).  Here, petitioner is not attacking a judgment of the United States district court, but that of a Florida state trial court.  *Compare United States v. Morgan, supra, and United States v. Forlano*, 319 F.2d 617 (2nd Cir. 1963), *with Gillespie v. United States*, 376 F.2d 414 (6th Cir. 1967).**

authorizing this court to consider the application.[4]  Petitioner is well aware of this, and that is why he has attempted to use the All Writs Act instead of filing under the federal habeas statute -- he seeks to escape the statutory restrictions of federal habeas relief under 28 U.S.C. §§ 2244 and 2254.  The court takes judicial notice of its own records in the various habeas corpus cases petitioner has filed in this court.  Petitioner first challenged his civil commitment by filing a § 2254 petition in *Bilal v. Regier*, Case Number 3:02cv362/LAC/MD.  This court denied relief.  The Eleventh Circuit denied petitioner's motion for certificate of appealability and dismissed his appeal.  (*See* Case Number 3:02cv362, docs. 258 and 260; *see also* www.pacer.ca11.uscourts.gov, Case Number 04-16658).  Since then, petitioner has filed five more § 2254 petitions in this court, each attempting to attack his civil commitment either directly or indirectly.  *See Bilal v. Hadi*, Case Number 3:05cv183/RV/MD; *Bilal v. Hadi,* Case Number 3:06cv326/LAC/MD; *Bilal v. Hadi,* Case Number 3:06cv327/RV/MD; *Bilal v. Hadi*, Case Number 3:06cv355/MCR/MD.  Each of the foregoing cases was dismissed without prejudice because petitioner had not obtained the requisite authorization from the Eleventh Circuit for filing a second or successive § 2254 petition.  The remaining case, *Bilal v. Hadi*, Case Number 3:06cv224/LAC/MD, attacked pre-trial bail set on petitioner's 1995 harassing telephone call charge.  That § 2254 petition was dismissed for lack of subject matter jurisdiction on different grounds (mootness and failure to satisfy the "in custody" requirement).  Petitioner has filed various applications in the Eleventh Circuit for leave to file a second or successive habeas corpus petition, all of which have been denied.  (*See* Case Number 3:02cv362, docs. 266 and 267).

---

4 **Title 28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."** *See* **Rule 9, Rules Governing Section 2254 Cases (2005);** *Felker v. Turpin*, **518 U.S. 651, 116 S.Ct. 2333, 2337, 136 L.Ed.2d 346 (1996);** *In re Medina*, **109 F.3d 1560 (11ᵗʰ Cir. 1997).**

**Accordingly, it is respectfully RECOMMENDED:**

**That the "Petition for Writ of Error Coram Nobis or in the Alternative Petition for Writ of Audita Querela" (doc. 1) be DISMISSED, and the clerk be directed to close this file.**

**At Pensacola, Florida this 23rd day of February, 2007.**

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**